FRANCONIA ASSOCIATES,
et al., Plaintiffs,

v.

The UNITED STATES, Defendant.

No. 97–381C.

United States Court of Federal Claims.

July 21, 1999.

---

**316**

Jeff H. Eckland, Minneapolis, Minnesota, attorney of record, for plaintiffs.

Mark L. Josephs, Washington, D.C., with whom was Acting Assistant Attorney General David W. Ogden, for defendant.

## OPINION ON RECONSIDERATION

REGINALD W. GIBSON, Senior Judge.

In the course of this opinion, issued on plaintiff Franconia Associates' May 20, 1999, motion for reconsideration, familiarity with the facts and legal arguments as enunciated in this court's opinion in *Franconia Associates v. United States*, 43 Fed.Cl. 702 (1999), is an imperative and will be assumed.

This court, in the noted opinion disputed by Franconia, dismissed those plaintiffs whose claims were premised on pre-1979 low-income housing loans because their claims were time barred. We also denied Franconia's motion for summary judgment because we found valid the government's defense that it had made no unmistakable promise that it would *not* at some later date change the terms of the low-income loan agreements through subsequent legislation. On May 20, 1999, Franconia filed a motion for reconsideration of our May 6 opinion, pursuant to Rule

59 and Rule 83.2(f) of this court, arguing that the court had misunderstood both the applicable law and the relevant facts of the case. For the reasons that follow, Franconia's motion is denied in full.

■ The decision to grant a motion for reconsideration is left to the sound discretion of the court. *Yuba Natural Resources, Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir.1990). To prevail on such, the movant must point to a manifest, i.e., clearly apparent or obvious, error of law or a mistake of fact. *Principal Mutual Life Ins. Co. v. United States*, 29 Fed.Cl. 157, 164 (1993). A court, therefore, will not grant a motion for reconsideration if the movant "merely reasserts ... arguments previously made ... all of which were carefully considered by the [trial c]ourt." *Id.* (quoting *Frito–Lay of Puerto Rico v. Canas*, 92 F.R.D. 384, 390 (D.P.R.1981)).

■ In its motion for reconsideration, Franconia takes issue with both the court's reasoning on the statute of limitations and with its reasoning on the unmistakability doctrine.[1] Franconia's disagreement with this court's opinion regarding the first issue, the statute of limitations, is premised on its regurgitated contentions that the statute of limitations begins to run from the time a particular plaintiff would prepay their loans. Similarly, Franconia's objection to the second issue, the unmistakability portion of the opinion, is based on its hospitable reading of *Winstar*, which, not surprisingly, varies with the court's interpretation of that opinion. *Id.* at 11. In short and in substance, we find that Franconia, in its motion for reconsideration, has merely reasserted arguments that it made previously, thus rendering a reconsideration motion improper. *See Principal Mutual Life*, 29 Fed.Cl. at 164.

---

1. The unmistakability doctrine is a presumption that contracts with the government *will be* subject to later contrary legislation *unless* there is a clear promise otherwise in the contract itself. As the Supreme Court has stated, "sovereign power ... governs all contracts subject to the sovereign's jurisdiction, and will remain intact unless surrendered in unmistakable terms." *Bowen v. Public Agencies Opposed to Social Security En-*

*trapment*, 477 U.S. 41, 52, 106 S.Ct. 2390, 91 L.Ed.2d 35 (1986). In the absence of an unmistakable promise to the contrary, all "contractual arrangements, including those to which a sovereign itself is a party, 'remain subject to subsequent legislation' by the sovereign." *Id.* (quoting *Merrion v. Jicarilla Apache Tribe*, 455 U.S. 130, 147, 102 S.Ct. 894, 71 L.Ed.2d 21 (1982)).

First, Franconia objects to this court's finding that the statute of limitations bars those claims that are based on pre-1979 contracts. Franconia bases its objection on four arguments: i) the 1988 legislation was not the "last act" giving rise to its cause of action; ii) the statute of limitations is triggered by the date on which the government's performance is due, i.e., the date on which the government receives an owner's prepayment request; iii) the court's application of the statute of limitations would read anticipatory repudiation out of the law; and iv) the court's dicta that the plaintiffs have not alleged facts indicating that they have sought prepayment and been refused is contrary to the record. The first three Franconia arguments are *reassertions* of arguments it has made previously. Specifically, these arguments were made in its motion for partial summary judgment (Pl.'s Mot. Partial Summ. J. at 19, 25–29, 31–35, 37–39 ), and in a supplemental filing in which it responded to the recent decision in *Adams v. United States,* 42 Fed.Cl. 463 (1998) (Pl.'s Resp. Def.'s Mot. Leave to File Suppl. Authority at 1–2). Moreover, these arguments were discussed and disposed of in our original opinion. *Franconia,* 43 Fed.Cl. 702, 706–711. Because these arguments have been considered by this court and addressed in its opinion, it is pointless to address them once again.

As for Franconia's last argument regarding the court's alleged "factual" error, said error is one of degree rather than fact, i.e., harmless, and, in any event, is of no substantive consequence to the court's opinion. The court stated that "plaintiffs have not alleged any facts indicating that they have sought prepayment and been refused ...." As Franconia correctly points out, paragraph 41 of the Complaint alleges that "certain" plaintiffs have submitted applications for prepayment that were refused, while "others" have been discouraged from submitting applications because of the futility of the action. Thus, the court's statement is incorrect in that Franconia has alleged facts indicating that *some* plaintiffs have sought prepayment and been refused. Nonetheless, there are 31 plaintiffs in this case, and Franconia did not inform the court how many of the 31

plaintiffs in fact filed an application for prepayment and been refused. Merely being discouraged from filing a prepayment application would not qualify as actually seeking prepayment. Given the importance that Franconia attaches to the loanholders' act of submitting prepayment applications as being the time government performance is due, and thus the date on which the statute of limitations runs under their theory, we are surprised that Franconia did not clearly indicate how many plaintiffs actually sought prepayment. When it made the disputed statement, the court was touching upon this inconsistency in Franconia's position. Nonetheless, its commentary was entirely independent of the court's conclusion that the 1988 legislation precipitated the commencement of the running of the limitations period. Thus, assuming, *arguendo,* there is any inaccuracy in the court's commentary, it nevertheless does not undermine the court's ultimate legal conclusion and is harmless.

Franconia's second grounds for seeking reconsideration is its disagreement with the court's reading of the *Winstar* case. Under its own reading of *Winstar,* Franconia argues that either, (i) the unmistakability doctrine is *not* applicable, following the reasoning of the four plurality justices, or (ii) the unmistakability doctrine is applicable but an unmistakable promise was made, using Justice Scalia's reasoning, because the loan agreements themselves promised favorable regulatory treatment for the life of the loan. Once again, Franconia reasserts arguments made previously. For example, this court discussed in its opinion why the plurality's view—that the unmistakability doctrine was inapplicable because of the *nature* of the underlying contract—could not be construed as the holding of the case on the unmistakability doctrine. This was because a *majority* of five justices agreed that the unmistakability doctrine was applicable to the contract at issue no matter what the nature of the contract. *See Franconia,* 43 Fed.Cl. at 713. Additionally, the Federal Circuit has also concluded that the view of the five non-plurality justices regarding the applicability of the unmistakability doctrine is the controlling holding from *Winstar* on that issue.

*Yankee Atomic Elec. Co. v. United States,* 112 F.3d 1569, 1578–79 (Fed.Cir.1997). Thus, there is no need to repeat ourselves here.

Franconia next argues that even if the unmistakability doctrine is applicable, the government made a promise to the housing owners that it would accord them favorable regulatory treatment relative to prepayment. Mot. Recons. at 8. This argument is based on Justice Scalia's analysis in *Winstar.* Although the original opinion discussed why Justice Scalia's reasoning is inapplicable in the case at bar, we wish to clarify for plaintiffs the very limited application of Justice Scalia's distinctions. In his concurrence, Justice Scalia explained that his conclusion finding an unmistakable promise was dependent upon the facts of the case—his concurrence relied on the factual findings of the lower courts, which had found that the government had made promises "to regulate in a certain fashion into the future." *Id.* at 922. Given these findings, the concurrence reasoned that no additional promise to regulate favorably was needed:

> [T]he very *subject matter* of these agreements, an essential part of the quid pro quo, was government regulation; unless the Government is bound as to that regulation, an aspect of the transactions that reasonably must be viewed as a sine qua non of their assent becomes illusory.

*Id.* (emphasis added). In the case at bar, the subject matter of the low-income housing loan agreements was *not* regulation. The government did promise, in one contract term among many, that loanholders could prepay the loans at any time without restriction. It is also true that all contract terms were subject to the present and future regulations of the Farmers' Home Administration "not inconsistent with the express provisions hereof." See Def. Mot. Dismiss App. at 9. But this language does not purport to relay the subject matter of the contract. More importantly, as explained in our first opinion, this language cannot be read as exempting the contract from future government *legislation* that is inconsistent with the contract. *Franconia,* 43 Fed.Cl. at 714. Because the facts of this case are fundamentally different from those in *Winstar,* the concurrence's conclusion in *Winstar* cannot be made here. There was no unmistakable promise made by the government in the loan agreements promising that the contract would be protected from future legislative changes.

## CONCLUSION

Because Franconia has failed to point to a *manifest* error of law or mistake of fact in the court's May 6, 1999 opinion, but rather has reasserted arguments previously made, Franconia's motion for reconsideration is DENIED.

IT IS SO ORDERED.