INTERNATIONAL SCIENCE AND
TECHNOLOGY INSTITUTE,
INC. Plaintiffs,

v.

The UNITED STATES, Defendant.

No. 96–251 C.

United States Court of Federal Claims.

June 17, 2002.

### ORDER

DAMICH, Chief Judge.

On June 4, 2002, Plaintiff International Science & Technology Institute, Inc. filed, pursuant to Rule of Court of Federal Claims ("RCFC") 59, a motion to reconsider this Court's May 17, 2001 Opinion granting Defendant's motion for summary judgment on the grounds that Plaintiff's claims were barred by the notice provisions of the Limitation of Funds ("LOF") clause, 48 C.F.R. § 52.232–22 and the Limitation of Costs clause. ("LOC"), 48 C.F.R. § 52.232–20.

A party may file a motion to reconsider under RCFC 59(a). RCFC 59(a) provides that:

> A new trial or rehearing or reconsideration may be granted to all or any of the parties and on all or part of the issues, for any of the reasons established by the rules of common law or equity applicable as between private parties in the courts of the United States. On a motion under this rule, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.

The decision to grant a motion for reconsideration is found within the scope of the Court's sound discretion. *Yuba Natural Resources, Inc. v. United States,* 904 F.2d 1577, 1583 (Fed.Cir.1990). A motion for reconsideration will only be granted upon demonstration of a "manifest error of law, mistake of fact, and is not intended to give an unhappy litigant an additional chance to sway the court." *Bishop v. United States,* 26 Cl.Ct.

281, 286 (1992) (*quoting Circle K Corp. v. United States,* 23 Cl.Ct. 659, 664 (1991)). *See also Franconia Assocs. v. United States,* 44 Fed.Cl. 315, 316 (1999). The movant must show either that: (a) an intervening change in the controlling law has occurred, (b) evidence not previously available has become available, or (c) that the motion is necessary to prevent manifest injustice. *Bishop,* 26 Cl.Ct. at 286. Plaintiff has clearly not made such a showing.

Plaintiff maintains that Defendant's reliance on the LOF/LOC clauses in its motion for summary judgment is an affirmative defense that Defendant failed to plead in its answer in accordance with RCFC 8(c) which requires it to "set forth affirmatively" any "matter constituting an avoidance or affirmative defense." Because Defendant failed to raise the LOC/LOF issue until it filed its motion for summary judgment, Plaintiff argues, that issue was waived. Furthermore, Plaintiff alleges that it was unable to obtain sufficient discovery to adequately respond to Defendant's motion and therefore was unfairly prejudiced by the failure of Defendant to raise the LOF/LOC issue before its motion was filed.

Whatever the merits of its arguments, Plaintiff does not explain why it could not have raised this issue in its briefing or at oral argument. If Plaintiff were truly prejudiced in responding to Defendant's motion for summary judgment, it could have either argued that Defendant waived its reliance on the LOF/LOC clauses by failing to plead it as an affirmative defense or, in the alternative, filed a motion to conduct additional discovery. However, it did neither of these things. A motion to reconsider is not the proper vehicle for Plaintiff to raise issues it could have easily raised in dispositive motions.

Accordingly, Plaintiff's motion for reconsideration and to vacate the judgment is DENIED.