PACIFIC GAS AND ELECTRIC COMPANY and PG & E Corporation, Plaintiffs,

v.

The UNITED STATES, Defendant.

No. 98–789 T.

United States Court of Federal Claims.

July 25, 2003.

Craig M. Buchsbaum, San Francisco, CA, for plaintiffs.

William C. Rapp, with whom were Eileen J. O'Connor, Assistant Attorney General, and Mildred L. Seidman, Chief, Court of Federal Claims Section, Tax Division, United States Department of Justice, Washington, DC, for defendant.

## OPINION

HEWITT, Judge.

Before the court is defendant's Motion for Reconsideration (Def.'s Mot. or defendant's Motion). In its Motion, defendant asks the court to reconsider its opinion filed on February 20, 2003. *See Pac. Gas & Elec. Co. v. United States,* 55 Fed.Cl. 271 (2003). For the following reasons, defendant's Motion is GRANTED.

I. Standard for a Motion for Reconsideration

Defendant seeks reconsideration pursuant to Rule 59 of the Rules of the Court of Federal Claims (RCFC). Rule 59 provides that:

[R]econsideration may be granted to all or any of the parties and on all or part of the issues, for any of the reasons established by the *rules of common law or equity* applicable as between private parties in the courts of the United States. On a motion under this rule, the court may open the judgment if one has been entered, take

additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.

RCFC 59(a)(1)(2002). The decision to grant a motion for reconsideration lies within the sound discretion of the court. *Yuba Natural Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed.Cir.1990). The court must consider such motion with " 'exceptional care.' " *Fru–Con Constr. Corp. v. United States*, 44 Fed.Cl. 298, 300 (1999) (internal citations omitted). To prevail on a motion for reconsideration, the movant must point to a manifest error of law or mistake of fact. *Franconia Assocs. v. United States*, 44 Fed.Cl. 315, 316 (1999). The movant does not persuade the court to grant such motion by merely reasserting arguments which were previously made and were carefully considered by the court. *Principal Mut. Life Ins. Co. v. United States*, 29 Fed.Cl. 157, 164 (1993). A motion for reconsideration " 'is not intended to give an unhappy litigant an additional chance to sway the court.' " *Fru–Con Constr. Corp. v. United States*, 44 Fed.Cl. at 300 (quoting *Bishop v. United States*, 26 Cl.Ct. 281, 286 (1992)). Rather, the movant must show: (1) that an intervening change in the controlling law has occurred; (2) that previously unavailable evidence is now available; or (3) that the motion is necessary to prevent manifest injustice. *Fru–Con Constr. Corp.*, 44 Fed.Cl. at 301.

## II. Discussion

■ Defendant requests reconsideration of the court's February 20, 2003 opinion on two grounds: one factual and one legal. Defendant argues that the court made a mis-take of fact as to the amount of overpayment interest paid to plaintiffs in 1988 although not then owed to plaintiffs. Def.'s Mot. at 3–4.[1] Defendant further argues that the court made a mistake of law by awarding plaintiffs the lost time value of the taxed portion of that overpayment amount. *Id.* at 8–9. After reviewing defendant's Motion, the court requested plaintiffs to respond.[2] Order dated March 11, 2003.

Both parties agree that the court made a mistake of law when it awarded plaintiffs the time value of the taxed portion of the $627,921 payment plaintiffs received in 1988. *Pacific Gas*, 55 Fed.Cl. at 279. Defendant argues that the government can be held liable for the lost time value of money only if that remedy is specifically created by statute. Def.'s Mot. at 10–11. Plaintiffs agree that "the equitable approach taken by the court is inappropriate." Plaintiffs' Response to Defendant's Motion for Reconsideration (Pls.' Resp.) at 13. Because there is no statutory provision authorizing this remedy in the circumstances of this case, the court erred by awarding it. Def.'s Mot. at 10–12. The court, upon reconsideration, concludes that an amendment of its judgment in this regard would be in the interests of justice. Defendant's motion is GRANTED. That portion of the judgment involving the time value of the taxed portion of the $627,921 which plaintiffs received in 1988 is hereby withdrawn.[3]

Plaintiffs now request the court to reconsider its entire decision, although it has not moved the court to do so. Plaintiffs' opposition appears to the court to rephrase arguments that were heard and rejected earlier.[4]

1. The court's reconsideration decision below on defendant's mistake of law arguments renders defendant's mistake of fact argument moot.

2. In their Response to Defendant's Motion for Reconsideration, plaintiffs also argue that the court made a mistake in allowing the offset used by the government in this case. Plaintiffs' Response to Defendant's Motion for Reconsideration (Pls.' Resp.) at 4–5. Further, plaintiffs argue that the correct time value amount should be calculated not only on the period 1988 to 1992, as the court ordered, but also from 1992 until the date plaintiffs receive payment from defendant. *Id.* at 10. Although plaintiffs never filed their own motion for reconsideration or styled their opposition as a cross-motion for reconsideration, the court considers their arguments below.

3. The portion withdrawn is the final paragraph of section II.C. appearing at 55 Fed.Cl. at 279. Further to the foregoing, the first two lines of section III. appearing at 55 Fed.Cl. at 279 shall be revised to read, "For the foregoing reasons, plaintiffs' motion for summary judgment is DENIED. Defendant's cross-motion is GRANTED."

4. In their opposition, plaintiffs argue that "the *only* appropriate way to reconcile a *Lewis v. Reynolds*, [284 U.S. 281, 52 S.Ct. 145, 76 L.Ed. 293 (1932)] type offset for overpaid interest with applicable authority is for the interest overpaid

*See* Pls.' Resp.; *infra* note 2. In particular, the court has already decided that the offset procedure used by the government in this case was authorized. *Pacific Gas,* 55 Fed.Cl. at 277; *see Principal Mut. Life Ins. Co.,* 29 Fed.Cl. at 164 (finding reconsideration inappropriate when supported only by arguments previously considered and rejected). Further, the court has also decided that the offset was performed correctly. *Id.* at 278. The only remaining issue was the time value of the $627,921 paid in 1988, and that has been resolved by the foregoing reconsideration.

## III. Conclusion

For the foregoing reasons, defendant's motion for reconsideration is GRANTED. Because there are no longer any outstanding issues in this case, the Clerk of the Court is directed to ENTER JUDGMENT for the United States. The parties will bear their own costs.

IT IS SO ORDERED.

to the Taxpayer in 1988 to be recovered by way of an offset performed at the time the 1992 was issued.... [T]he offset should be performed based on the existing statutory and regulatory authority, not equitable considerations." Pls.' Resp. at 2. In arguing for summary judgment, plaintiffs contended that "I.R.C. § 7405 provides the only means to recover [the overpaid] funds." *Pacific Gas,* 55 Fed.Cl. at 276. Further, in their opposition to defendant's Motion, plaintiffs argue that "the offset violates the clear and concise rule of [I.R.C.] § 6611 that the IRS is required to pay interest to taxpayers on overpayments of tax at the rate set forth in [I.R.C.] 6621 from the *date of the overpayment to a date (to be determined by the IRS) up to 30 days preceding the date of the refund check."* Pls.' Resp. at 4 (emphasis in original). At oral argument on their motion for summary judgment, however, plaintiffs stated that § 6611 "really just doesn't fit this situation." Transcript of Oral Argument held on December 18, 2002 at 30.