John L. CORRIGAN, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 04–1587 C.

United States Court of Federal Claims.

May 10, 2006.

John L. Corrigan, Auburn, WA, pro se.

Dawn S. Conrad, with whom were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Kathryn A. Bleecker, Assistant Director, United States Department of Justice, Civil Division, Commercial Litigation Branch, Washington, DC, for defendant. Kathy M. Sachen–Gute, National Credit Union Administration, of counsel.

## OPINION AND ORDER

HEWITT, Judge.

Before the court is Plaintiff's Motion for This Court's Reconsideration Dismissing Plaintiff's Claims on Summary Judgment (Pl.'s Mot.) and the following responsive briefing: Defendant's Response to Plaintiff's Motion for Reconsideration (Def.'s Resp.) and Plaintiff's Reply to Defendant's Response to Plaintiff's Motion for This Court's Reconsideration (Pl.'s Reply). Plaintiff moves for reconsideration of this court's opinion in *Corrigan v. United States*, 68 Fed. Cl. 589 (2005). In its opinion, the court held that plaintiff's Fair Labor Standards Act (FLSA) claims that accrued more than three years before the filing of plaintiff's complaint were time-barred, *Corrigan*, 68 Fed.Cl. at 593; that plaintiff's remaining FLSA claims were barred because his position as a CU–11 examiner was classified as FLSA-exempt based on the professional exemption, *id.* at 595; that plaintiff's Federal Employee Pay Act (FEPA) overtime claims were barred because plaintiff did not obtain prior written approval as required by 5 C.F.R. § 550.111(c), *id.* at 596; and that plaintiff was ineligible for reimbursement of his travel expense claims under the Federal Travel Regulations (FTR) and the National Credit Union Administration (NCUA) Travel Manual, *id.* at 601. Plaintiff's motion for reconsideration consists of the following. First, requesting the court to reconsider plaintiff's time-barred FLSA claims, plaintiff introduces the new arguments that his time-barred claims are "subject to 'equitable tolling'" and that "the 'continuing claims doctrine applies.'"[1] Pl.'s Mot. at 5. Second, requesting the court to reconsider plaintiff's remaining FLSA claims, plaintiff reiterates his argument that he is subject to the FLSA, rather than exempt from it, despite his position as a CU–11 credit union examiner. *Id.* at 5–6. Third, plaintiff reiterates his argument that "[t]he FEPA and FLSA are *in pari materia*" and that "under both [the FLSA and FEPA,] covered employees must be paid when working overtime." *Id.* at 5. Finally, plaintiff argues that the court erred in its analysis of plaintiff's travel expense claims because the court did not follow the process articulated by the General Services Board of Contract Appeals (GSBCA) in *Thurman*, GSBCA No. 15562–TRAV, 01–2 BCA ¶ 31516, 2001 WL 748223 (G.S.B.C.A. June 27, 2001), and, further, that the court erred by deciding the travel claims on sum-

---

1. Plaintiff also reiterates the argument that his overtime claims under the FLSA are governed by the Contract Disputes Act (CDA). Pl.'s Mot. at 4. The court addressed this question of law in its 2005 opinion in this case (Opinion). *See Corrigan v. United States*, 68 Fed.Cl. 589, 592 (2005). There, citing *Chu v. United States*, 773 F.2d 1226, 1229 (Fed.Cir.1985), the court stated:

> Nor is plaintiff's case governed by the CDA. Mr. Corrigan was appointed to his position with NCUA, and it is well-established that "federal employees derive the benefits and emoluments of their positions from appointment rather than from any contractual or quasi-contractual relationship with the government."

*Corrigan*, 68 Fed.Cl. at 593 (quoting *Chu*, 773 F.2d at 1229).

mary judgment because the GSBCA allegedly applies an inconsistent approach to "personal convenience" travel expense claims, so that the court is not empowered to adopt one approach over another. *Id.* at 1–4. For the reasons detailed below, plaintiff's motion for reconsideration is DENIED.

## I. Background [2]

Plaintiff, a credit union examiner for the NCUA, filed a complaint with this court on October 20, 2004, and an amended complaint on March 7, 2005, seeking reimbursement for overtime pay and travel expenses allegedly incurred in connection with his professional duties. Specifically, Mr. Corrigan sought overtime pay for travel during non-working days and beyond the forty-hour work week from December 1, 1999 to present and from December 1, 2000 to present and reimbursement for the following travel expenses: the constructive cost of lodging in Seattle when he stayed with relatives because of voluntary and requested reassignment there; costs of car rental on weekends between business travel in Anaheim, California; costs of lodging and per diem expenses between business engagements in Orlando, Florida; and lodging and per diem expenses incurred in Alexandria, Virginia after a conference there. Mr. Corrigan began working for NCUA as a CU–9 examiner on November 14, 1999 and was promoted to the position of CU–11 credit examiner effective January 14, 2001. *Corrigan,* 68 Fed.Cl. at 591. NCUA classified his CU–9 position as non-exempt and his CU–11 position as exempt from the provisions of the FLSA.[3] *Id.* Mr. Corrigan concedes that he did not obtain prior written authorization for his overtime work; rather, "all authorization to work overtime was oral." *Id.* at 596.

On August 5, 2005, defendant filed its Motion to Dismiss and Motion for Summary Judgment (Def.'s Mot. or Defendant's Motion).[4] Responsive briefing followed.[5] In an Opinion and Order (Opinion) dated November 15, 2005, the court granted defendant's motion, holding that plaintiff's claims that had accrued prior to October 21, 2001 were time-barred, *Corrigan,* 68 Fed.Cl. at 593; that plaintiff's position as a CU–11 credit examiner rendered him ineligible for plaintiff's remaining overtime claims under the FLSA pursuant to the FLSA's professional exemption, *id.* at 595; that the fact that plaintiff did not obtain prior written approval for overtime work rendered him ineligible to receive overtime pay under FEPA, *id.* at 596; and that plaintiff was ineligible as a matter of law to receive reimbursement for his travel expense claims under the rules contained in the Federal Travel Regulations (FTR) and the NCUA Travel Manual, *id.* at 601. Plaintiff now requests reconsideration of the court's determinations of those issues. Pl.'s Mot. at 1–7. The court considers plaintiff's request in accordance with the standards of Rule 59 of the Rules of the Court of Federal Claims (RCFC).

## II. Standard of Review

RCFC 59(a)(1) affords this court discretion to grant reconsideration "to all or any of the parties and on all or part of the issues, for any of the reasons established by the rules of common law or equity applicable as between private parties in the courts of the United States." RCFC 59(a)(1); *see Yuba Natural Res., Inc. v. United States,* 904 F.2d 1577, 1583 (Fed.Cir.1990) ("The decision whether to grant reconsideration lies largely within the discretion of the district court."). A party "does not persuade the court to

---

2. A full recitation of the facts is set out in *Corrigan,* 68 Fed.Cl. at 589–91.

3. The court reviewed and affirmed NCUA's and the Office of Personnel Management's (OPM's) determination of Mr. Corrigan's non-exempt status on the basis of a professional exemption when he occupied the position of CU–11 credit examiner. *Corrigan,* 68 Fed.Cl. at 593–95.

4. Defendant's Motion was accompanied by Defendant's Proposed Findings of Uncontroverted Fact (DPFUF).

5. In response to Defendant's Motion, plaintiff filed Plaintiff's Response to Dismiss and Motion for Summary Judgment (Pl.'s Resp.) accompanied by Plaintiff's Response to Proposed Findings of Uncontroverted Fact (Pl.'s Facts) on September 16, 2005, and defendant filed Defendant's Reply in Support of Its Motion to Dismiss and Motion for Summary Judgment (Def.'s Reply) on September 23, 2005.

grant ... [a] motion [for reconsideration] by merely reasserting arguments which were previously made and were carefully considered by the court." *Henderson County Drainage Dist. No. 3 v. United States,* 55 Fed.Cl. 334, 337 (2003). In addition, by failing to raise an issue when it is first available to be litigated, a party waives consideration by the court of the issue on reconsideration, even when the party is pro se. *Lamle v. Mattel, Inc.,* 394 F.3d 1355, 1359 n. 1 (Fed. Cir.2005) (holding that pro se party had waived issue where party had first raised issue on motion for reconsideration); *Abbott Labs. v. Syntron Bioresearch, Inc.,* 334 F.3d 1343, 1355 (Fed.Cir.2003) (holding that party had waived issue by failing to raise issue in opening brief); *Seldovia Native Ass'n, Inc. v. United States,* 36 Fed.Cl. 593, 594 (1996) ("[A] motion for reconsideration ... should not be based on evidence that was readily available at the time the motion was heard."); *see Bishop v. United States,* 26 Cl.Ct. 281, 286 (1992) (a motion for reconsideration "is not intended to give an unhappy litigant an additional chance to sway the court"). "To prevail on a motion for reconsideration, the movant must point to a manifest error of law or mistake of fact." *Pac. Gas & Elec. Co. v. United States,* 58 Fed.Cl. 1, 2 (2003). Specifically, the moving party must show: (1) the occurrence of an intervening change in the controlling law; (2) the availability of previously unavailable evidence; or (3) the necessity of allowing the motion to prevent manifest injustice. *Griswold v. United States,* 61 Fed.Cl. 458, 460–61 (2004). "A motion for reconsideration 'enables a trial court to address oversights, and the court appreciates the opportunity to do so.'" *Cane Tenn., Inc.*

*v. United States,* 62 Fed.Cl. 703, 705 (2004) (quoting *Fru-Con Constr. Corp. v. United States,* 44 Fed.Cl. 298, 315 (1999)).

## III. Discussion

### A. Plaintiff's Overtime Claims Under the FLSA

■ In *Corrigan,* the court held that plaintiff's FLSA overtime claims that accrued prior to October 20, 2001 were barred by the statute of limitations.[6] *Corrigan,* 68 Fed.Cl. at 593. In the original briefing, plaintiff argued that his overtime claims that accrued prior to October 20, 2001 were not time-barred because he had submitted a first stage grievance to NCUA on January 20, 2002. Pl.'s Resp. at 1; *see Corrigan,* 68 Fed. Cl. at 592. In his motion for reconsideration, plaintiff argues for the first time that his time-barred FLSA overtime claims are subject to equitable tolling.[7] Pl.'s Mot. at 5. Plaintiff does not argue that there has been an intervening change in the controlling law or that he has discovered new evidence not available at the time of original briefing. *See id.* Rather, plaintiff bases his argument on the fact that he had submitted his first stage grievance to the agency on January 20, 2002. *Id.* In support of his position, plaintiff quotes the following language in *Wells v. United States,* 420 F.3d 1343 (Fed.Cir.2005): "[T]he Supreme Court suggested that equitable tolling would apply 'where the claimant has actively pursued his judicial remedies....'" *Id.* In the alternative, plaintiff argues that his "overtime claims were ongoing and [subject to] the 'continuing claims doctrine....'" *Id.* at 5. Arguing that these claims present "materi-

---

**6.** October 20, 2001 is three years prior to the date plaintiff's complaint was filed. The FLSA statute of limitations is generally two years but is three years for willful violations of the statute. 29 U.S.C. § 255(a) (2000). For purposes of its Opinion, the court assumed without deciding that the applicable statute of limitations was three years. *See Corrigan,* 68 Fed.Cl. at 593.

**7.** Plaintiff also reiterates his argument set forth in his original briefing that the statute of limitations did not begin to run "until after the administrative determination." Pl.'s Reply at 2. Plaintiff argued that the filing of his claim with the administrative agency, NCUA, tolled the statute of limitations, and that the statute did not begin

to run again until a final determination was reached. Pl.'s Resp. at 1. The court addressed this issue in *Corrigan.* There, the court stated, "Contrary to Mr. Corrigan's assertions, the filing of his NCUA grievance, an administrative claim, 'does not toll the statute of limitations imposed by section 255(a).'" *Corrigan,* 68 Fed.Cl. at 593 (quoting *Hickman,* 10 Cl.Ct. at 552). Because plaintiff merely reiterates his prior argument on reconsideration without pointing to an intervening change in the controlling law, previously unavailable evidence, or resulting manifest injustice, plaintiff has not articulated a basis for reconsideration.

al issues," plaintiff argues that summary judgment was inappropriate. *Id.*

Defendant argues, citing *White Mountain Apache Tribe of Ariz. v. United States,* 9 Cl.Ct. 32, 34 (1985), that plaintiff's "arguments are not based upon any new law or new evidence, and therefore, are not proper grounds for reconsideration." Def.'s Resp. at 9. Defendant also argues that the continuing claims doctrine does not apply to FLSA claims to extend the limitations period beyond three years, *id.* at 10, and that equitable tolling is inapplicable to Mr. Corrigan's claim because plaintiff's claim filed with OPM was not "a defective pleading filed during the statutory period," *id.* at 11, because the government put Mr. Corrigan on notice that he was not eligible for overtime by classifying his position as exempt, *id.* at 10–11, and because plaintiff "was not led to believe that he would be paid overtime for travel," *id.* at 11.[8]

To the extent that plaintiff's equitable tolling argument is a mere reassertion of his argument on summary judgment or a disagreement with the law governing time of accrual of claims, the court declines to reconsider plaintiff's claim. As the court stated in *Corrigan,* "[A] claim for unpaid overtime under the FLSA accrues at the end of each pay period when it is not paid." *Corrigan,* 68 Fed.Cl. at 592–93 (quoting *Cook v. United States,* 855 F.2d 848, 851 (Fed.Cir.1988)). In addition, to the extent that plaintiff's equitable tolling and continuing claims doctrine arguments present new legal theories which could have been asserted during briefing on summary judgment, the court also declines to consider plaintiff's claims. Because plaintiff uses the same facts on which to base his new legal theories, he could have argued these new legal theories at the summary judgment stage. Plaintiff does not assert "a manifest

error of law or mistake of fact" which would entitle him to reconsideration.[9] *See Pac. Gas,* 58 Fed.Cl. at 2. Furthermore, failure to reconsider plaintiff's claim would not cause manifest injustice. Accordingly, the court declines to reconsider plaintiff's claims.

Even if the court were to reconsider plaintiff's claims on the merits, however, plaintiff would not prevail. Equitable tolling, though available in suits against the government, *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 95–96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (holding that "the same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States"), is "an exceptional remedy, reserved for extraordinary circumstances, which '[f]ederal courts have typically extended . . . only sparingly.'" *O'Connell v. Sec'y of HHS,* 63 Fed. Cl. 49, 63 (2004) (quoting *Irwin,* 498 U.S. at 96, 112 L.Ed.2d 435 (1990)). Federal courts have equitably tolled a statute in cases "where the claimant has pursued his judicial remedies by filing a defective pleading during the statutory period," *Irwin,* 498 U.S. at 96, 111 S.Ct. 453, "where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," *id.,* or where the claimant's damages were "inherently unknowable," *Japanese War Notes Claimants Ass'n v. United States,* 178 Ct.Cl. 630, 634, 373 F.2d 356 (1967); *see Nerseth v. United States,* 17 Cl. Ct. 660, 665 (1989) ("Application of th[e] doctrine [of equitable tolling] requires that a plaintiff [be] excusably unaware of the existence of his cause of action at the time it accrues."). Courts have been reluctant equitably to toll the statute of limitations where the claimant "failed to exercise due diligence in preserving his legal rights." *Irwin,* 498 U.S. at 96, 111 S.Ct. 453.

---

8. Defendant also argues that "Mr. Corrigan's filing of an administrative claim does not constitute a defective pleading because OPM had the authority to grant the relief that he requested, and his filing with OPM was not a mandatory prerequisite to judicial relief." Def.'s Mot. at 11.

9. Plaintiff also argues that his newly asserted legal theories constitute "material issues" so that summary judgment was inappropriate. Pl.'s

Mot. at 5. A court may not decide a case on summary judgment where issues of material fact exist. RCFC 56(c); *Agredano v. United States,* 70 Fed Cl. 564, 567 (2006), 2006 WL 800758, at *3. A fact is defined as material if it might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The court notes that plaintiff's arguments are legal arguments and do not constitute issues of material fact which might affect the outcome of the suit.

At the outset, in order for plaintiff to prevail, the statute pursuant to which plaintiff claims relief must be subject to equitable tolling. *See Irwin*, 498 U.S. at 96, 111 S.Ct. 453; *Arakaki v. United States*, 62 Fed.Cl. 244, 250–51 (2004). The Federal Circuit has stated in dicta in *United States v. Cook*, 795 F.2d 987 (Fed.Cir.1986), that "[w]hen and if the time comes, the district court will presumably apply the doctrine of equitable tolling consistently with Congress' intent in enacting the particular statutory scheme set forth in FLSA." *Cook*, 795 F.2d at 994. This court and its predecessor, however, have stated only in dicta whether congressional intent supports the application of equitable tolling to the FLSA. *Compare Doyle v. United States*, 20 Cl.Ct. 495, 499–500 (1990) (stating that equitable tolling is unavailable for willful violations because Congress has already provided an extension of the limitations period for those violations), *aff'd Doyle v. United States*, 931 F.2d 1546, 1549–50 (Fed.Cir.1991) *with Christofferson v. United States*, 64 Fed.Cl. 316, 326 (2005) (stating that "the weight of authority favors equitable tolling of FLSA claims"); *see also Ewer v. United States*, 63 Fed.Cl. 396, 402 (2004) (stating that "the FLSA limitations period is not a statute of repose; thus, the principles of equitable tolling apply" but declining equitably to toll the statute). The court has once held in an unpublished order, repeated in a published decision, that the FLSA is subject to equitable tolling. *Hickman v. United States*, 43 Fed.Cl. 424, 427 (1999). The court need not decide whether the FLSA is subject to equitable tolling, however, because plaintiff has not pleaded facts that would entitle him to equitable tolling of the statute.

Plaintiff argues that the court should equitably toll the statute because plaintiff filed a claim with NCUA on January 20, 2002.[10] *See* Pl.'s Mot. at 5. Plaintiff seems to argue that his claim filed in this court should relate back to his claim filed with the agency. *See id.* Filing an administrative claim, however,

does not toll the statute of limitations, as stated in *Corrigan*, 68 Fed.Cl. at 593 ("Contrary to Mr. Corrigan's assertions, the filing of his NCUA grievance, an administrative claim, 'does not toll the statute of limitations imposed by [29 U.S.C.] section 255(a).'") (quoting *Hickman*, 10 Cl.Ct. at 552); *see also Nerseth*, 17 Cl.Ct. at 665 (1989), and is not a necessary prerequisite to filing a claim in this court, *id.* ("There is nothing in the language of the Act that would support plaintiffs' belief that the pursuit of administrative relief is a prerequisite to bringing an action in this Court."). Nor is the filing of an administrative claim a basis for equitable tolling of the statute. *See Irwin*, 498 U.S. at 95–96, 111 S.Ct. 453. Plaintiff's filing of an administrative claim does not amount to "pursu[ing] [plaintiff's] judicial remedies by filing a defective pleading during the statutory period," as articulated by *Irwin* as a basis for equitable tolling, *id.* at 96, 111 S.Ct. 453; plaintiff did not attempt to file a complaint in this or any court until October 20, 2004. Rather, this is a case of plaintiff's "fail[ing] to exercise due diligence in preserving his legal rights." *Id.* "[I]gnorance of rights which should have been known is not enough to toll their running." *Braude v. United States*, 218 Ct.Cl. 270, 278, 585 F.2d 1049 (1978); *Japanese War Notes*, 178 Ct.Cl. at 634, 373 F.2d 356. Because plaintiff has not demonstrated an "extraordinary circumstance[]," *O'Connell*, 63 Fed.Cl. at 63, warranting equitable tolling of the FLSA, the court declines equitably to toll plaintiff's overtime claims under the statute.

Plaintiff also cannot successfully assert the continuing claims doctrine to preserve his overtime claims that accrued prior to October 21, 2001. "In order for the continuing claim doctrine to apply, the plaintiff's claim must be inherently susceptible to being broken down into a series of independent and distinct events or wrongs, each having its own associated damages." *Brown Park Estates–Fairfield Dev. Co. v. United States*, 127

---

10. In his original briefing, plaintiff argued that the statute of limitations did not begin to run until after the administrative determination. Pl.'s Resp. at 1. Although plaintiff uses the term "*equitable* tolling" in his motion for reconsideration, plaintiff does not argue any of the bases on

which a statute of limitations may be equitably tolled, and plaintiff reiterates the argument set forth in his original briefing, that the statute of limitations did not begin to run until after the administrative determination was reached. Pl.'s Reply at 2.

F.3d 1449, 1456 (Fed.Cir.1997). Under the continuing claims doctrine, each violation begins the limitations period anew, *Friedman v. United States*, 159 Ct.Cl. 1, 310 F.2d 381, 385 (1962) ("[W]here the payments are to be made periodically, each successive failure to make proper payment gives rise to a new claim upon which suit can be brought."), and the plaintiff is entitled to recover for each violation that accrues within the limitations period, *Brown Park*, 127 F.3d at 1457–58. Plaintiff's case presents the classic example of the continuing claims doctrine. The continuing claims doctrine permits plaintiff to assert a new claim each time overtime compensation was excluded from his paycheck. *Beebe v. United States*, 226 Ct.Cl. 308, 640 F.2d 1283, 1293 (1981). The court has already applied the continuing claims doctrine to plaintiff's claims, however, in *Corrigan*. There, the court considered the merits of plaintiff's claims that accrued after October 21, 2001. This is the relief to which plaintiff is entitled under the continuing claims doctrine. Plaintiff cannot recover damages beyond the FLSA limitations period. *See Ewer v. United States*, 63 Fed.Cl. 396, 400–401 (2004) (holding that, although the continuing claims doctrine applied to plaintiffs' military pay claims, plaintiffs could not recover damages beyond the FLSA limitations period). Plaintiff therefore is not entitled to reconsideration of his overtime pay claims accruing prior to October 21, 2001.

■ Plaintiff is also not entitled to reconsideration of his overtime pay claims accruing on or after October 21, 2001. Plaintiff argues that he is subject to the provisions of the FLSA because "[t]he FLSA does not allow the agency to put me in th[e] position [of not receiving overtime pay for travel time beyond the forty-hour work week]." Pl.'s Mot. at 5. Plaintiff explains,

> The FLSA requires the agency to provide a 40 hour work week. The FLSA gives

the agency the option of having my travel time within that 40 hour work week, or to give me compensatory time for travel. However, in violation of the FLSA, the agency does neither. It then claims that they don't have to pay me for this work. That is in violation of the FLSA.[11]

*Id.* Although plaintiff concedes that "the court may be right that I am exempt from the FLSA overtime rules," *id.* at 6, plaintiff argues that "the FLSA is more than just overtime—and therefore, other parts of the FLSA apply to me," *id.*

Defendant argues that, "[i]n his motion for reconsideration, Mr. Corrigan raises the same arguments that he raised in his response to the Government's motion to dismiss and motion for summary judgment," Def.'s Resp. at 11, and that "RCFC 59 'may not be used to relitigate legal issues previously considered and resolved by the court.'" *Id.* at 11–12 (quoting *Fla. Power & Light Co. v. United States*, 66 Fed.Cl. 93, 96 (2005)). Defendant continues, " '[a] movant may not merely recapitulate cases and arguments considered by the court before rendering its original decision.'" *Id.* at 12 (quoting *Fla. Power*, 66 Fed.Cl. at 96). Defendant also argues that "Mr. Corrigan cannot recover overtime pay for time he spends on business travel outside of the 40–hour work week because he is exempt from the overtime provisions of FLSA." *Id.* Defendant argues that, in finding Mr. Corrigan FLSA-exempt, "this [c]ourt properly applied the test for the professional exemption." *Id.*

Mr. Corrigan's argument that, even if FLSA-exempt, he could not be exempt from all provisions of the FLSA reiterates the argument he made in his original briefing. *Compare* Pl.'s Mot. at 6 *with* Pl.'s Resp. at 2–3. In his original briefing, plaintiff argued, "I am only exempt from certain provisions of the FLSA. . . ." Pl.'s Resp. at 2. As the court stated in its Opinion in *Corrigan*, "Mr. Corri-

---

11. To the extent that plaintiff raises new travel expense claims beyond those under consideration on summary judgment, the court declines to consider those claims. Plaintiff may not allege additional complaints on a motion for reconsideration; any claims not asserted at the time of initial briefing are waived. *Lamle*, 394 F.3d at 1359 n. 1 (holding that pro se party had waived issue where party had first raised issue on motion for reconsideration); *Abbott*, 334 F.3d at 1355 (holding that party had waived issue by failing to raise issue in opening brief); *Seldovia*, 36 Fed.Cl. at 594 ("[A] motion for reconsideration . . . should not be based on evidence that was readily available at the time the motion was heard.").

gan has identified no authorities which support his view that he is 'only exempt from certain provisions of the FLSA' and the court is not aware of any legal support for Mr. Corrigan's view." 68 Fed.Cl. at 593. Plaintiff may not, on a motion for reconsideration, re-litigate issues already decided by the court in its opinion on original briefing. *Henderson County,* 55 Fed.Cl. at 337. Accordingly, the court declines to reconsider plaintiff's claims for overtime travel accruing on or after October 21, 2001.[12]

### B. Plaintiff's Overtime Claims Under FEPA

■ Plaintiff reiterates his arguments set forth in his original briefing that FEPA and the FLSA are *"in pari materia"* and that "under both statutes covered employees must be paid when working overtime." *Compare* Pl.'s Mot. at 5 *with* Pl.'s Resp. at 2. In its original briefing, defendant, citing 5 U.S.C. § 5542(c), correctly pointed out that plaintiff cannot recover overtime pay under both the FLSA and FEPA. Def.'s Mot. at 11;

Def.'s Reply at 5; 5 U.S.C. § 5542(c); *Corrigan,* 68 Fed.Cl. at 596. On reconsideration, the court reaffirms its conclusion that plaintiff is ineligible to receive overtime pay under the FLSA. *Corrigan,* 68 Fed.Cl. at 593, 595; *supra,* Part II.A. Plaintiff is also ineligible to receive overtime pay under FEPA because plaintiff did not obtain prior written approval of overtime work, as required by OPM regulation 5 C.F.R. § 550.111(c). *Corrigan,* 68 Fed.Cl. at 596. In that sense, plaintiff's statement that "under [FEPA], covered employees must be paid when working overtime," Pl.'s Mot. at 5, is overly broad. FEPA does not apply to plaintiff's claims. Because plaintiff has merely reiterated an argument made in his original briefing without alleging or basing the argument on discovery of new evidence or a change in applicable law, the court declines to reconsider plaintiff's overtime claims under FEPA.

### C. Plaintiff's Travel Expense Claims

Plaintiff requests reconsideration of his travel expense claims. Pl.'s Mot. at 1–4, 6.

---

12. Even if the court were to reconsider the merits of plaintiff's claims for overtime travel that accrued on or after October 21, 2001, plaintiff's overtime claims would fail because plaintiff was exempt from the overtime provision of the FLSA under the professional exemption while he worked in the position of CU–11 credit union examiner. *Corrigan,* 68 Fed.Cl. at 595 ("The court finds, as did NCUA and OPM, that Mr. Corrigan's work as a CU–11 credit union examiner met the criteria for the professional exemption from FLSA coverage."). For covered employees, the FLSA prescribes maximum hours beyond which overtime pay is due. Section 207(a)(1) of 29 U.S.C. provides:

> Except as otherwise provided in this section, no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1) (2000). The FLSA exempts certain employees from the overtime provision. 29 U.S.C. § 213 provides:

> (a) The provisions of ... section 207 of this title shall not apply with respect to—
> (1) any employee employed in a bona fide executive, administrative, or professional capacity....

29 U.S.C. § 213(a)(1) (2000).

Plaintiff appears to argue that claims for overtime pay for travel beyond the forty-hour work week are not claims for overtime, and that plain-

tiff is therefore not exempt from those provisions. Pl.'s Mot. at 6. To the extent that claims for overtime pay for travel beyond the forty-hour work week can be distinguished from overtime pay for overtime work, however, overtime pay for travel is less available than overtime pay for overtime work. *See, e.g.,* 29 C.F.R. § 785.39 (2005) (regulating the availability of overtime pay for travel). Even for employees eligible for overtime pay under the FLSA, overtime pay is generally not available for travel time spent beyond the normal work day, even to or from sites away from the employee's home community. 29 C.F.R. § 785.39 ("[T]he Divisions will not consider as worktime that time spent in travel away from home outside of regular working hours ...."); *accord Imada v. City of Hercules,* 138 F.3d 1294, 1297 (9th Cir.1998). The exception to this rule, for non-exempt employees, is for travel occurring during an employee's regular working hours on non-working days. 29 C.F.R. § 785.39.

Even to the very limited extent that overtime pay for travel time beyond the forty-hour work week is available to employees covered by the FLSA, however, that overtime pay is not available to plaintiff because plaintiff is FLSA-exempt. Furthermore, plaintiff states a claim for overtime pay—which is not somehow a different animal on account of its being a claim for overtime travel. Accordingly, Mr. Corrigan is ineligible to receive overtime pay under the FLSA for overtime hours worked or for travel beyond the forty-hour work week.

Plaintiff first argues that GSBCA has taken an inconsistent approach to personal convenience claims, so that it is inappropriate for the court to adopt one approach over the other. *Id.* at 1–2. Plaintiff also argues that the court's analysis of plaintiff's travel expense claims was improper because (1) the court failed to follow the process articulated by GSBCA in *Thurman, id.* at *2–3, and (2) the court failed to compare the total constructive cost [13] of plaintiff's travel expenses with the total actual cost, *id.* Finally, plaintiff argues that "even if this court [had] properly determined [the steps of the process articulated by GSBCA in *Thurman]*, it would still be improper for the court to [decide the case at the] summary judgment [stage]-because this is a material issue and one that should not be [decided on] summary judgment." *Id.* at *3.

Defendant argues that "Mr. Corrigan raises no new legal argument and presents no new evidence for the court to reconsider its decision on his travel expense claims." Def.'s Resp. at 8. Defendant argues that, to the extent plaintiff seeks review of prior GSBCA decisions, this court does not have jurisdiction to review decisions of GSBCA that are not currently before it. *Id.* at *7. Defendant argues that "[t]his [c]ourt is not bound by the GSBCA's decision in *[Thurman]* ...," *id.*, and that "*Thurman* is not even applicable to this case because none of Mr. Corrigan's travel expense claims seek reimbursement for driving his privately-owned vehicle in lieu of flying to his temporary duty stations," *id.* at *8, the claims at issue in *Thurman.* As for the travel expenses incurred during Mr. Corrigan's drive in his privately-owned vehicle to Seattle in March 2001, defendant argues that those expenses were "part of his relocation expenses" and were "not covered by the agency." [14] *Id.*

Although opinions of the GSBCA are persuasive authority, they do not bind this court. *See XTRA Lease, Inc. v. United States,* 50 Fed.Cl. 612, 624 (2001) (using decisions of the Government Accountability Office (GAO) and the GSBCA as persuasive, but not binding, authority); *Transam. Ins. Co. v. United States,* 31 Fed.Cl. 602, 605 n. 1 (1994) (recognizing decisions of Boards of Contract Appeals not to be binding on this court); *Universal Restoration, Inc. v. United States,* 16 Cl.Ct. 214, 218 (1989) ("[Armed Services Board of Contract Appeals] decisions, though persuasive, are not accorded *stare decisis* effect...."). It is the duty of this court to apply the statutes and regulations to the facts of the case. This court is not bound by GSBCA's approach to the evaluation of personal convenience travel expense claims. Even if the GSBCA takes an inconsistent approach to personal convenience travel expense claims, that circumstance would have no bearing on the decisions of this court. In addition, because the facts of this case are not in dispute and the only dispute plaintiff raises is the application of the law, this court appropriately decided plaintiff's travel expense claims on summary judgment. *See* RCFC 56(c).

Even if this court were to apply the approach taken by the GSBCA in *Thurman,* plaintiff would still not be entitled to recover the travel expenses he claims. In *Thurman,* the GSBCA, quoting *Yates,* GSBCA 15109–TRAV, 00–1 BCA ¶ 30,785, 2000 WL 145477, articulated a three-step analysis for evaluating personal convenience travel expense claims applicable to situations where "an employee chooses to travel in his or her own vehicle rather than by the means of transportation most advantageous to the government." *Thurman,* GSBCA No. 15562–

---

**13.** The "constructive cost" to which plaintiff refers is "the constructive cost of the authorized method of transportation" where an "employee elects to use a [privately-owned vehicle] instead of an alternative form of transportation ... authorize [d by the agency]." 41 C.F.R. § 301–70.105 (2005). The constructive cost is defined as "the sum of per diem and transportation expenses the employee would reasonably have incurred when traveling by the authorized method of transportation." 41 C.F.R. § 301–70.105(a).

**14.** Plaintiff did not claim in his original briefing an entitlement to reimbursement for travel expenses for his drive to Seattle incurred at the time of his relocation; the court therefore did not address any such claim in its Opinion in *Corrigan.* The court declines to address such a potential claim here.

TRAV, at *1–2. The GSBCA described the analysis as follows:

> First the agency should determine, through the standard application of statute and regulation, the allowability of the various components of an employee's travel claim.... The agency should then total the allowable costs.

> Second, the agency should determine the total constructive cost of the employee's travel had he or she traveled by the method of transportation deemed to be in the Government's best interest....

> After computing the two totals, the agency should compare them. If the total of costs determined in standard fashion to be allowable is greater than the total of the constructive costs, the agency should limit reimbursement to the latter figure.

*Id.* at *2 (quoting *Yates,* GSBCA 15109–TRAV, 00–1 BCA ¶ 30,785). Even assuming that this three-step approach were properly applicable to plaintiff's claims,[15] however, plaintiff would not be able to recover personal convenience travel expenses because plaintiff's claims are not "allowable" and therefore would not survive the first step of the analysis. Contrary to plaintiff's assertions, then, the court need not take a total cost approach by separately totaling the allowable and constructive costs and comparing them because the court would not reach step three in the evaluation of plaintiff's claims. Because this court effectively applied the first step in its opinion in *Corrigan* and appropriately dismissed plaintiff's claims at that stage, deciding that they were not "allowable" as a matter of law, *see Corrigan,* 68 Fed.Cl. at 601 ("As a matter of law, Mr. Corrigan is not entitled to reimbursement for any of his claimed travel expenses."), the court declines to reevaluate plaintiff's travel expense claims.

### IV. Conclusion

For the foregoing reasons, plaintiff's motion for reconsideration is DENIED. The Clerk of the Court is directed to ENTER JUDGMENT for defendant. No costs.

IT IS SO ORDERED.

---

15. As correctly noted by defendant, plaintiff does not state a claim for the situation described in *Thurman.* Def.'s Resp. at 8.