NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-5097

JOHN L. CORRIGAN,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

John L. Corrigan, of Auburn, Washington, pro se.

Dawn S. Conrad, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With her on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Kathryn A. Bleeker, Assistant Director. Of counsel on the brief was Jon J. Canerday, Trial Attorney, Office of General Counsel, National Credit Union Administration, of Alexandria, Virginia.

Appealed from: United States Court of Federal Claims

Judge Emily C. Hewitt

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-5097

JOHN L. CORRIGAN,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED:  March 14, 2007

_____

Before RADER, Circuit Judge, PLAGER, Senior Circuit Judge, and LINN, Circuit Judge.

PER CURIAM.

On summary judgment, the Court of Federal Claims denied Mr. Corrigan's overtime and travel expense claims.  Because the Court of Federal Claims committed no reversible error, this court affirms.

I

Mr. Corrigan presented overtime pay claims for the period beginning in December, 1999.  Mr. Corrigan's claims  include (1) "training travel on Sundays," (2) "training travel on both non-working days and working days during regularly scheduled and non-scheduled working hours," (3) "claimed 'commuting' time for overnight travel away from duty station," and (4) " claimed 'commuting' time for travel to and from work

site within the official duty station." Corrigan v. United States, 68 Fed. Cl. 589, 591 (2005).

After both the Office of Personnel Management (OPM) and the General Services Board of Contract Appeals (GSBCA) denied Mr. Corrigan's claims in their entirety, he filed suit in the Court of Federal Claims seeking overtime pay under the Fair Labor Standards Act (FLSA), 5 U.S.C. §§ 201-206 (2000), and under the Federal Employee Pay Act (FEPA), 5 U.S.C. §§ 5542, 5544, 5546. Mr. Corrigan's suit also included claims for reimbursement of denied travel expenses under, inter alia, the Federal Travel Regulations (FTR), 41 C.F.R. §§ 300-304 (2004). Corrigan v. United States., 68 Fed. Cl. 589, 591 (2005).

The Court of Federal Claims granted the Government's motion to dismiss Mr. Corrigan's FLSA overtime claims that accrued before October 20, 2001 as time-barred. Id. at 593. Next, the court granted the Government's motion for summary judgment for the remaining FLSA claims because Mr. Corrigan was exempt from FLSA coverage. Id. at 593-595. The court also noted, with regard to his FEPA claims, that Mr. Corrigan conceded that he had not received written authorization to work overtime. As such, the Court of Federal Claims determined that Mr. Corrigan was not eligible for overtime pay because he did not receive the required written approval. Id. at 596. Lastly, the court granted the Government's motion for summary judgment on Mr. Corrigan's travel expense claims. Id. at 601.

On reconsideration, Mr. Corrigan argued that his time-barred overtime claims deserve equitable tolling and treatment as continuing claims. Corrigan v. United States, 70 Fed. Cl. 665 (2006). The court dismissed these contentions because Mr. Corrigan

had not raised equitable tolling and the continuing claims doctrine during the original suit.[1] The trial court also declined to reconsider issues it had clearly decided on Mr. Corrigan's overtime pay claims. Id. at 669-672. Because GSBCA opinions do not bind the trial court, it properly refused to rely on Mr. Corrigan's reference to Peter C. Thurmon, GSBCA No. 15562-TRAV, 01-2 BCA ¶ 31, 516 (June 27, 2001). Corrigan, 70 Fed. Cl. at 673. Mr. Corrigan then filed an appeal to this court.

BACKGROUND

On November 14, 1999, Mr. Corrigan began work for the National Credit Union Administration (NCUA) as a credit union examiner at the grade of CU-9. Credit union examiners generally work out of their homes and travel to the credit unions for examinations. Mr. Corrigan began work in the Los Angeles, California, workplace. His CU-9 examiner position was classified as non-exempt from the provisions of the Fair Labor Standards Act (FLSA). On January 14, 2001, NCUA promoted Mr. Corrigan to a CU-11 examiner and assigned him a district of credit unions. Mr. Corrigan's CU-11 position was exempt from the FLSA. As voluntarily requested by Mr. Corrigan, he was reassigned to a new duty station in Seattle, Washington, effective April 8, 2001. Corrigan v. United States., 68 Fed. Cl. 589, 591 (2005).

As an examiner, Mr. Corrigan travels extensively on official business. For example, in March 2001, Mr. Corrigan drove his personal vehicle to Seattle, Washington during a work detail in advance of his voluntary reassignment. During his detail, he stayed with relatives. Mr. Corrigan submitted a travel voucher for the constructive cost

---

[1] The Court of Federal Claims also voluntarily looked at the merits of Mr. Corrigan's equitable tolling and continuing claims doctrine arguments; however, the court's ruling remained unchanged. Corrigan v. United States, 70 Fed. Cl. 665 (2006).

of staying with his relatives. The NCUA denied reimbursement for this expense. Id. at 597.

The agency also sent Mr. Corrigan to Montana from November 26-30, 2001, then to Anaheim, California from December 3-7, 2001, and on to Utah from December 10-14, 2001. Instead of traveling back to Seattle on the weekends, Mr. Corrigan decided to stay with his son in southern California between the November and December 2001 details. Mr. Corrigan rented a car during his weekends in southern California without his supervisor's authorization and sought reimbursement for the rental car. Id. at 598.

On another occasion, Mr. Corrigan traveled to Orlando, Florida for an August 11–16, 2002 conference. Mr. Corrigan reserved a one-way airline ticket from Seattle to Orlando and a one-way airline ticket from Fort Lauderdale to Seattle. He traveled back to Seattle on August 24, 2002, eight days after the end of his official travel. On the last day of the conference in Orlando (August 16, 2002), Mr. Corrigan traveled to Fort Lauderdale and spent the night at a Holiday Inn Express. The NCUA denied Mr. Corrigan's request for reimbursement of his lodging expense at the Holiday Inn Express. Id. at 599.

On September 29, 2002, Mr. Corrigan traveled on official business from Seattle, Washington to Alexandria, Virginia to attend a training session. The training session ended at 12 noon on October 4, 2002. On October 2, 2002, Mr. Corrigan advised his supervisor via email that he would forego a non-stop flight from Dulles International Airport to Seattle on the afternoon of October 4, 2002, and would instead take an October 5, 2002 flight from Reagan National Airport. Mr. Corrigan's supervisor advised him that reimbursement of lodging expenses for the night of October 4, 2002 was not

authorized because he could return to Seattle on the afternoon of October 4, 2002.  Id. at 600.

II

This court reviews a grant of summary judgment by the Court of Federal Claims de novo, with justifiable factual inferences being drawn in favor of the party opposing summary judgment.  Winstar Corp. v. United States, 64 F.3d 1531, 1539 (Fed. Cir. 1995) (en banc), aff'd, 518 U.S. 839 (1996).

The trial court properly dismissed Mr. Corrigan's claims accrued prior to October 20, 2001 because the claims were barred by the statute of limitations.  While the statute of limitations is generally two years, the limitation can be three years for willful violations.  29 U.S.C. § 255(a) (2000).  The court used three years for the statute of limitation.  Corrigan, 68 Fed. Cl. at 593; Corrigan, 70 Fed. Cl. at 669.  The court correctly noted that Mr. Corrigan's equitable tolling and continuing claims doctrine arguments present new legal theories, not properly brought for the first time on a motion for reconsideration.  Corrigan, 70 Fed. Cl. at  668.  Furthermore, the court voluntarily performed an extensive analysis on the merits and properly found that Mr. Corrigan, in any event, would not prevail under these new legal theories.  Id. at 669-671.

Mr. Corrigan contends that the Court of Federal Claims abused its discretion by dismissing his post October 20, 2001 FLSA overtime claims on summary judgment. However, in his motion for reconsideration and again in his brief to this court, Mr. Corrigan did not point to any facts in dispute to show summary judgment was not proper.  As such, the Court of Federal Claims properly declined to reconsider summary judgment on these overtime claims.

The Court of Federal Claims properly found that Mr. Corrigan was not entitled to overtime pay under FEPA because he did not meet the written authorization requirement. 5 C.F.R. § 550.111(c). Mr. Corrigan presented no written authorization for any of his overtime. Corrigan, 68 Fed. Cl. at 596. Therefore, the court properly entered summary judgment.

The Court of Federal Claims also correctly found the claimed travel expenses were not allowable under the Federal Travel Regulations (FTR). 41 C.F.R. §§ 300-304 (2004). First, Mr. Corrigan's claim for lodging with relatives in Seattle was not allowable because he failed to offer any substantial additional costs incurred by his relatives due to his lodging with them as required in 41 C.F.R. § 301-11.12(c). Corrigan, 68 Fed. Cl. at 597. Second, Mr. Corrigan's rental car expense for two weekends in California was not allowable because his supervisor did not specifically authorize this expense as required by 41 C.F.R. § 10.450. Id. at 598. Third, Mr. Corrigan's lodging expense at the Holiday Inn Express in Fort Lauderdale, Florida was not allowable because the expense was not incurred for official business as required by 41 C.F.R. § 301-2.4. Id. at 599. Finally, Mr. Corrigan's lodging expense in Alexandria, Virginia when he could have returned to his home duty station was not allowable because the lodging expense was not authorized as required by 41 C.F.R. 301-11.20. Id. at 600-601. The Court of Federal Claims properly analyzed the travel expenses under 41 C.F.R. §§ 300-304. Corrigan, 68 Fed. Cl. 589.

Accordingly, this court finds no abuse of discretion or factual error. This court affirms the dismissal of Mr. Corrigan's time-barred overtime claims and the grant of summary judgment as to the other overtime claims and the travel expense claims.

<u>AFFIRMED</u>