Dave A. IMADA; Wendy Keys; Larry Clarine; John Eaves; William Goswick; Timothy Herbert; David Morentz; Thomas Muehleisen; Alfredo Nadarisay; Robert Pesmark; Ruben Rodriguez; Mark Stevenson; Timothy Stratmeyer; Sue Todd; Judy Washington, Plaintiffs–Appellants,

v.

CITY OF HERCULES, California, Defendant–Appellee.

No. 97–15405.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 10, 1998.

Decided March 17, 1998.

Duane W. Reno, Davis, Reno & Courtney, San Francisco, CA, for Plaintiffs–Appellants.

Richard C. Bolanos, Nancy J. Clark, Whitmore, Johnson & Bolanos, Mountain View, CA, for Defendant–Appellee.

Before: SCHROEDER, FARRIS and TASHIMA, Circuit Judges.

SCHROEDER, Circuit Judge:

Appellants Dave A. Imada, et al. are police officers employed by appellee City of Hercules. The officers appeal the district court's summary judgment for the City and dismissal of their complaint for back pay and damages under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201–209. The principal issue is whether the FLSA requires the City to compensate the officers for time spent commuting from their homes to mandatory off-site training when that time exceeds their regular commuting time. The district court ruled compensation is not required because the FLSA, as amended by the Portal–to–Portal Act, does not require compensation for travel time from home to a site where an employee is to perform essential parts of the activities the employee has been hired to perform. We affirm.

The district court also concluded that the FLSA does not require the City to compensate the officers for time spent traveling overnight to a training activity in another city. We affirm that ruling as well because it is required by the applicable regulations. *See* 29 C.F.R. § 785.39 (1997).

## I. Background

The California Peace Officers Standards and Training Commission (POST) requires all state law enforcement officers to attend a minimum of twenty-four hours of POST-approved training every two years. The City's Police Department guidelines require the officers to attend one additional POST-approved training exercise each year. While most training occurs on-site at the Department facility in Hercules, the officers must occasionally attend POST-approved training at locations outside of the City, including Pittsburg, Santa Rosa, Concord, Sacramento, San Jose, Monterey, Los Angeles, and San Diego. Most officers attend such off-site training two or three times each year.

The City compensates the officers for all time spent in training courses. When the officers are required to report to the Department prior to or after attending off-site training, they are compensated for time spent traveling from the Department to and from the training site. The officers are not compensated for the time spent commuting directly from their homes to off-site training locations unless it cuts across the normal workday. The officers perform no police officer duties or other work while engaged in travel to the off-site training locations.

The officers are all members of the Hercules Police Officers Association, which acts as their exclusive bargaining representative. In February 1994, appellant Dave Imada, a resident of Hercules, attended an assigned three-day training course in Pittsburg, California. Imada then submitted a compensation request for his time spent traveling to

and from Pittsburg in excess of his regular commute to the Department. The claimed excess amounted to one and one-half hours for each of the three days. The request was denied, and subsequent negotiations between the parties failed to resolve the issue.

On December 7, 1995, the officers filed a complaint against the City under the FLSA seeking unpaid overtime compensation, liquidated damages, and attorneys' fees. The officers moved for summary judgment, and the City cross moved for summary judgment and dismissal of the complaint. The district court granted the City's motion, finding that the travel at issue was ordinary home to work travel under the FLSA. The court also rejected the officers' claim that the City is required to compensate them for time spent traveling to a training location that keeps them away from home overnight.

## II. Discussion

■ The parties agree that all material facts are undisputed and that the issue is purely one of statutory interpretation. In a suit brought under the FLSA, the employee has the burden of proving that the employee was not properly compensated for work performed. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686–87, 66 S.Ct. 1187, 1191–92, 90 L.Ed. 1515 (1946).

■ The FLSA was amended by the Portal-to-Portal Act, 29 U.S.C. §§ 251–262 (1994). One purpose was to "protect employers from responsibility for commuting time." *Reich v. New York City Transit Auth.*, 45 F.3d 646, 651 (2d Cir.1995); *see* 29 U.S.C. § 251 (1994). Under section 4(a)(1) of the Portal-to-Portal Act, employers are not required to compensate employees for "walking, riding or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform." 29 U.S.C. § 254(a)(1) (1994).[1] The term "principal activity or activities" in section 4(a) includes all activities which are an integral and indispensable part of the principal activities. *See Steiner v. Mitchell*, 350 U.S. 247, 252–53, 256, 76 S.Ct. 330, 333–34, 335–36, 100 L.Ed. 267 (1956);

*Lindow v. United States*, 738 F.2d 1057, 1060 (9th Cir.1984). Law enforcement training is such an activity. *See* 29 C.F.R. § 553.214 (1997) (providing that law enforcement training is "incidental to, and part of, the employee's . . . law enforcement activities.").

Ordinary home to work travel is not compensable under the FLSA, regardless of whether or not the employee works at a fixed location. *See* 29 C.F.R. § 785.35 (1997). The regulations also provide that a law enforcement officer's "[n]ormal home to work travel is not compensable, even where the employee is expected to report to work at a location away from the location of the employer's premises." 29 C.F.R. § 553.221(e) (1997). Travel time is not exempt from compensation under certain specific exceptions. Section 785.37 provides such an exception for an unusual 1-day assignment in another city to meet a special need:

A problem arises when an employee who regularly works at a fixed location in one city is given a special 1-day work assignment in another city. For example, an employee who works in Washington, D.C., with regular working hours from 9 a.m. to 5 p.m. may be given a special assignment in New York City, with instructions to leave Washington at 8 a.m. He arrives in New York at 12 noon, ready for work. The special assignment is completed at 3 p.m., and the employee arrives back in Washington at 7 p.m. Such travel cannot be regarded as ordinary home-to-work travel occasioned merely by the fact of employment. It was performed for the employer's benefit and at his special request to meet the needs of the particular and unusual assignment. It would thus qualify as an integral part of the "principal" activity which the employee was hired to perform on the workday in question . . . All the time involved, however, need not be counted. Since, except for the special assignment, the employee would have had to report to his regular work site, the travel between his home and the railroad depot

1. Such activities are not exempt from compensation if they are otherwise compensable pursuant to: (1) a provision of a contract in effect at the time of the activity; or (2) a custom or practice

in effect at the time of the activity which is not inconsistent with an existing contract. *See* 29 U.S.C. § 254(b) (1994). Neither party contends that these exceptions apply here.

may be deducted; it being in the "home-to-work" category.

29 C.F.R. § 785.37 (1997).

■ The officers argue as they did in the district court that their travel to off-site training falls within this exception because it is an "unusual assignment" performed primarily for the City's benefit. The district court correctly concluded that the officers' mandatory POST-approved training cannot be characterized as either "special" or "unusual" because it is a normal, contemplated and indeed mandated incident of their employment as described in their collective bargaining agreement. Furthermore, while the officers' training benefits the City, it is at least equally beneficial to the officers, who must attend POST-approved training in order to meet and maintain state law enforcement certification requirements. *See* Cal.Penal Code § 13510(a) (West 1994).

The officers also argue as they did below that the travel at issue is not ordinary home to work travel because it occurs only a few times a year. For support, they cite to cases where home to work travel was held to be exempt from compensation under the FLSA either because the work assignment was not temporary as the employee claimed, *see Qualls v. United States,* 230 Ct.Cl. 534, 678 F.2d 190, 192 (1982), or because the employees were frequently required to travel away from a fixed location, *see Vega v. Gasper,* 36 F.3d 417, 424 (5th Cir.1994) (denying compensation for travel time where extended travel was normally required and employees could have chosen to live closer to worksite); *Spencer v. Auditor of Public Accounts,* 29 Wage & Hour Cas. 1101 (E.D.Ky.1990). These cases do not support the officers' position here. As the district court correctly noted, none stands for the proposition that travel must occur frequently in order to be "normal" or "ordinary." Furthermore, none deals with the section 785.37 exception the officers contend applies here.

■ We also agree with the district court that the Department of Labor (DOL) opinion letters submitted by the parties provide little if any guidance. While opinion letters are normally entitled to a high degree of deference, they are not binding on the court if they are plainly erroneous or are inconsis-

tent with the regulations they interpret. *See Washington State Health Facilities Ass'n v. Washington Dep't of Social and Health Servs.,* 879 F.2d 677, 681 (9th Cir.1989); *see also* 29 C.F.R. § 785.2 (1997) ("The ultimate decisions on interpretations of the act are made by the courts."). The December 5, 1994 opinion letter, solicited by the officers, does conclude that travel time in excess of an employee's "normal" commute is compensable under the FLSA. That conclusion, however, is contradicted by other DOL opinion letters. Two DOL opinion letters conclude that compensation generally is *not* required for time spent traveling to off-site law enforcement training. *See* May 4, 1989 Department of Labor Wage and Hour Opinion Letter; November 15, 1990 Department of Labor Wage and Hour Opinion Letter.

■ The officers also appeal the district court's conclusion that they are not entitled to compensation for travel time when the City sends them to an overnight training activity in another city. The regulations plainly exempt from compensation an employee's travel to a location where he or she must stay overnight unless it cuts across the normal workday or the corresponding hours on nonworking days. *See* 29 C.F.R. § 785.39 (1997). Regulations are entitled to great deference and are presumed valid unless shown to be erroneously in conflict with the underlying law. *See Bratt v. County of Los Angeles,* 912 F.2d 1066, 1070–71 (9th Cir.1990). Accordingly, the district court properly granted summary judgment in favor of the City on this claim as well.

The judgment of the district court is AFFIRMED.