**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HERBERT SIEGMUND, Orange County Deputy Sheriff; et al., | No. 10-55973 |
| Plaintiffs - Appellants, | D.C. No. 8:07-cv-01387-CJC-PLA |
| v. | MEMORANDUM[*] |
| COUNTY OF ORANGE; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted December 9, 2011
Pasadena, California

Before: B. FLETCHER, SILVERMAN, and WARDLAW, Circuit Judges.

Plaintiffs, alleging violations of the Fair Labor Standards Act ("FLSA"),

appeal the district court's grant of partial summary judgment in favor of

Defendants. Reviewing *de novo*, and viewing the evidence in the light most

favorable to Plaintiffs, *Delia v. City of Rialto*, 621 F.3d 1069, 1074 (9th Cir. 2010),

we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The district court correctly held that the Memorandum of Understanding ("MOU") did not create a disputed issue of fact as to whether Defendants adopted a 14-day 86-hour 29 U.S.C. § 207(k) exemption. Defendants provided uncontroverted evidence that they adopted a 14-day 86-hour work-period and that the work-period was regularly occurring. *See Adair v. City of Kirkland*, 185 F.3d 1055, 1060–61 (9th Cir. 1999). Plaintiffs argue that they raised a disputed issue of fact as to whether Defendants adopted a § 207(k) exemption by showing that the parties agreed to a 40-hour workweek under the MOU. One thing has nothing to do with the other. The § 207(k) exemption and the MOU can coexist because the FLSA provides the statutory floor for overtime compensation and the MOU provides additional contractually agreed upon overtime payments above those required under the FLSA. The FLSA was meant to guarantee minimum overtime compensation. *See Parth v. Pomona Valley Hosp. Med. Ctr.,* 630 F.3d 794, 799 (9th Cir. 2010). "Section 7(k) offers a limited exemption from the [standard FLSA] overtime limit to public employers of law enforcement personnel or firefighters." *Adair*, 185 F.3d at 1059. That the parties agreed to *more* overtime has no bearing on which overtime floor applies under the FLSA. Put another way, Defendants did not waive the advantages of the § 207(k) exemption by entering into the MOU. *See Adair*, 185 F.3d at 1061 (citing *Birdwell v. City of Gadsden,*

970 F.2d 802, 806 (11th Cir. 1992)).  Accordingly, Plaintiffs fail to show a disputed issue of fact as to whether Defendants adopted a § 207(k) exemption.

Plaintiffs did not raise in the district court, but now argue on appeal, that: (1) the FLSA prohibits Defendants from comparing employees' FLSA overtime with their MOU overtime and paying FLSA overtime only if it exceeds MOU overtime; and (2) Defendants violated 29 U.S.C. § 211(c) by failing to keep proper records. Plaintiffs never made these arguments in the district court, thus they are waived. *See United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 999 (9th Cir. 2002).

Defendants submitted uncontroverted evidence that Defendants correctly calculated FLSA overtime every two weeks.  Plaintiffs fail to point to a single employee who was underpaid under the FLSA and therefore fail to meet their burden.  *Imada v. City of Hercules*, 138 F.3d 1294, 1296 (9th Cir. 1998).

The district court correctly ruled that Plaintiffs failed to come forward with any evidence showing that they were not paid their overtime rate for compensatory time-off.

Only in their reply brief do Plaintiffs argue that supervising attorney-investigators are non-exempt employees under the FLSA and that the district court did not address this issue in the summary judgment order.  In fact, the district court ruled that supervising attorney-investigators *were* exempt.  Having failed to argue

in their opening brief that supervising attorney-investigators are not exempt from FLSA requirements, Plaintiffs have waived such arguments on appeal. *See Christian Legal Soc'y v. Wu,* 626 F.3d 483, 487 (9th Cir. 2010).

Lastly, we review for abuse of discretion the district court's denial of Plaintiffs' request for additional discovery and a continuance of the summary judgment hearing. *Kitsap Physicians Serv.*, 314 F.3d at 1000. Plaintiffs' counsel failed to object to the Defendants' invocation of the attorney-client privilege at Stephens's deposition and never moved to compel Stephens to answer such questions. Plaintiffs cannot complain about it now for the first time. Further, to the extent Plaintiffs are appealing the district court's refusal to grant a continuance for taking of additional discovery pursuant to former Federal Rule of Civil Procedure 56(f), Plaintiffs failed to show how the information sought would preclude summary judgment. *Emp'rs Teamsters Local Nos. 175 and 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1129-30 (9th Cir. 2004). Because Plaintiffs did not specifically identify any relevant evidence or how such evidence might preclude summary judgment, the district court did not abuse its discretion in denying a continuance.

AFFIRMED.