NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 15 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DARREN WALLACE, et al., <br><br>             Plaintiffs-Appellants, <br><br>   v. <br><br> CITY OF SAN JOSE, <br><br>             Defendant-Appellee. | No.   18-16083 <br><br> D.C. No. 5:16-cv-04914-HRL <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Howard R. Lloyd, Magistrate Judge, Presiding

Submitted January 10, 2020[**]
San Francisco, California

Before: WALLACE and FRIEDLAND, Circuit Judges, and LASNIK,[***] District Judge.

We write primarily for the parties who are familiar with the facts. Darren Wallace, Keith Hart, and Mark Leeds ("Appellants") are firefighters employed by the City of San Jose ("the City"). They sued the City for alleged wage violations

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 203, *et seq.* They collectively allege that the City miscalculated its FLSA overtime liability and in turn, underpaid them during six work periods. The district court granted summary judgment for the City. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

"We review a grant of summary judgment . . . *de novo*, applying the same standard of review as the district court under Federal Rule of Civil Procedure 56." *Flores v. City of San Gabriel*, 824 F.3d 890, 897 (9th Cir. 2016). Summary judgment is appropriate if the moving party "shows there is no genuine dispute as to any material fact and [it] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). While the moving party has the initial burden of production on summary judgment, *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986), the non-moving party "must identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996).

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Parth v. Pomona Valley Hosp. Med. Ctr.*, 630 F.3d 794, 798–99 (9th Cir. 2010) (alteration and ellipses in original) (quoting *Celotex*, 477 U.S. at 322). "In a suit brought under the FLSA, the employee has

the burden of proving that the employee was not properly compensated for work performed." *Imada v. City of Hercules*, 138 F.3d 1294, 1296 (9th Cir. 1998).

### 1. The City's Pay Structure

Under 29 U.S.C. § 207(k), public agencies employing firefighters may adopt a 28-day work period for purposes of calculating FLSA overtime pay. FLSA requires overtime pay of 1.5 times the regular rate of pay for every hour above 212 hours that a firefighter works in a 28-day work period. *See id.*; 29 C.F.R. § 553.230.

The City has adopted a 28-day pay period for its firefighters and pays them biweekly. It pays firefighters a base hourly rate for 224 hours per work period, regardless of whether they actually work a full 224 hours. Furthermore, when a firefighter works hours outside of his or her regularly scheduled shifts, the City pays "contractual overtime" of 1.5 times his or her base hourly rate for each additional hour worked. The City's "contractual overtime" payments are distinct from FLSA overtime pay, and the firefighters are entitled to FLSA overtime pay for each hour worked over the 212-hour threshold.[1] Each work period, the City calculates what is owed to its firefighters under FLSA. If the amount the City paid

---

[1] The City also pays firefighters "premium payments" or ("add-ons"), which are various extra payments offered as work incentives or based on additional skills and trainings. Finally, the City pays certain "other payments" that do not qualify as premium payments under FLSA.

a firefighter is less than required under FLSA, it adds a FLSA overtime adjustment to the firefighter's paycheck at the end of the work period. If the amount the City paid is more than required under FLSA, no adjustment is made.

The City submitted declarations and paystubs for each of the six work periods in issue. The parties do not dispute the total hours each appellant worked or the total compensation each received during each work period. Still, appellants allege that the City owed them additional FLSA overtime pay in each pay period because (1) it miscalculates the FLSA regular rate of pay, and (2) it takes an improper "credit" against its FLSA liability.

*2. The City's FLSA Calculation*

FLSA creates a statutory floor for overtime pay. *See* 29 U.S.C. § 207. If an employee's actual pay exceeds what the FLSA would require, an employer has no additional FLSA liability. *See* 29 U.S.C. § 216(b) (providing that an employer who violates FLSA minimum overtime provisions "shall be liable . . . in the amount of . . . *unpaid* overtime compensation" (emphasis added)).

The first step in determining FLSA overtime liability is to calculate the regular rate of pay. *See Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419, 424 (1945). The regular rate is "the hourly rate actually paid the employee for the normal, non-overtime workweek for which he is employed." *Brunozzi v. Cable Commc'ns, Inc.*, 851 F.3d 990, 995–96 (9th Cir. 2017) (quoting

4

*Walling*, 325 U.S. at 419, 424).  "The regular hourly rate of pay of an employee is determined by dividing his total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid."  29 C.F.R. § 778.109.

The parties are at odds over the total remuneration and total hours that should be used to calculate appellants' regular rates of pay.  We do not reach the dispute regarding the proper regular rate of pay in this case, because the City has conclusively demonstrated that it paid appellants more than was required under FLSA, even when appellants' proffered regular rate of pay is used.  Accordingly, we agree with the district court that there is no genuine dispute of material fact as to the City's FLSA liability.

### 3.  FLSA Overtime "Credit"

Appellants also argue that the City takes an improper "credit" against its FLSA overtime liability.  Appellants apparently agree that the City can take a half-time credit (0.5) against their FLSA overtime liability based on 29 U.S.C. §§ 207(h) and (e)(5)[2] for contractual overtime paid below the FLSA threshold.  But

---

[2] Under 29 U.S.C. § 207(h), an employer can take a "credit" against FLSA overtime owed for payment of extra compensation as described in 29 U.S.C. § 207(e)(5). Section 207(e)(5) expressly includes "extra compensation provided by a premium rate paid for certain hours worked by the employee in any day or workweek because such hours are hours worked . . . in excess of the employee's normal working hours or regular working hours . . . ."

5

they contend, without support, that the City improperly took a 1.5 credit for contractual overtime paid and deducted that credit from its FLSA liability.

The City has consistently denied taking such a "credit," and a supervising accountant for the City made a sworn declaration that it does not do so. Appellants, by contrast, have consistently failed to adduce any specific evidence to substantiate their improper credit argument. Appellants set forth their own FLSA overtime calculations, which they contend show the correct FLSA "credit" calculation under the statute. But, as was the case in the district court, appellants offer no clear explanation for these calculations and cite to no clear authority to support their use. They fail to refute the City's paystub evidence, fail to cite to the actual pay figures, and omit from their calculations broad swaths of the compensation they actually received. Further undermining appellants' credibility, the calculations in their opening and reply briefs contain numerous mathematical errors. We agree with the district court that appellants fail to identify any genuine dispute of material fact with regard to their claim that the City took an improper FLSA credit. Summary judgment was appropriate.[3] *See Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1103 (9th Cir. 2000) (citation omitted) ("If the nonmoving party fails to produce enough evidence to create a

---

[3] We have reviewed the International Association of Firefighters' brief of *amicus curiae*, which does not change our conclusion.

genuine issue of material fact, the moving party wins the motion for summary judgment.").

**AFFIRMED.**